UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY WAYNE HOWELL,

                      Plaintiff,                          09 Civ. 1651 (CS)(LMS)

- *against* -

**REPORT &
RECOMMENDATION**

PORT CHESTER POLICE DEPT., et al.,

                      Defendants.

**TO: THE HONORABLE CATHY SEIBEL, U.S.D.J.**

*Pro se* Plaintiff Gary Wayne Howell brings the above captioned civil rights action against Defendants the Port Chester Police Department (herein, "Defendant Police Department"), Optimum Cable Company (herein, "Defendant CSC"), Officer John Doe, and James Doe. Docket #3, Pl.'s Am. Compl. Plaintiff brings this action against the Defendants alleging violations of his equal protection and due process rights under 42 U.S.C §1983, alleging that the Defendants conspired against Plaintiff in violation of 42 U.S.C. §1985(2) and §1985(3), and that the Defendants generally violated his right to privacy, purportedly guaranteed to Plaintiff under New York State law. See generally Pl.'s Am. Compl. Ultimately, Plaintiff seeks for the Court to deem the placement of surveillance cameras around his home to be unconstitutional and award Plaintiff $6,000,000 in damages. See Pl.'s Compl.

Defendant Police Department has moved to dismiss Plaintiff's amended complaint. Docket #12, Deft.'s Mot. To Dismiss. Defendant Police Department asserts numerous bases for dismissing Plaintiff's Amended Complaint including failure to comply with Federal Civil Procedure Rule 8, that the Defendant Police Department cannot be liable under the law, and

generally that Plaintiff has failed to adequately plead all causes of action.  See generally Deft.'s Mot. To Dismiss.

Defendant CSC moves for summary judgment pursuant to Rule 56(b).  Docket #15, Deft.'s Mot. For Summ. J.  Defendant CSC argues Plaintiff has failed to assert adequate factual support to pursue his claims.  See generally Deft.'s Mot. For Summ. J.

For the following reasons I conclude, and respectfully recommend that Your Honor should conclude, that the Defendants' respective motions should be granted and that the Plaintiff's Amended Complaint should be dismissed in its entirety.

## BACKGROUND

**I.    Facts[1]**

Plaintiff alleges that sometime during September of 2007, a man named Vinny, "in the company of a Westchester County Police Officer," attempted to have a conversation with Plaintiff.  Pl.'s Am. Compl., ¶10-11.  At the time, Vinny was wearing a recording device.  Id.  As Plaintiff approached the two men, Vinny left the vicinity.  ¶12.  Plaintiff asserts that the Westchester County Police Officer was videotaping Plaintiff during this encounter.  ¶13.  As a result, Plaintiff felt violated and fearful that the police were attempting to frame Plaintiff for a crime he did not commit.  ¶14.  Plaintiff alleges that there were several other similar attempts to entrap him up until the time that Vinny was indicted on or about November 30, 2007.  ¶15.

Plaintiff alleges that subsequently, between March and April of 2008, the Defendant Police Department "constructed unlawful ways to violate [his] equal protection and due process

---

[1]The facts are taken from the Amended Complaint and are viewed in the light most favorable to Plaintiff, the non-moving party.

rights under the 14th Amendment." ¶16. Plaintiff further alleges that the Defendant Police Department conspired with Defendant CSC to install surveillance equipment outside Plaintiff's home to monitor Plaintiff. ¶17. Specifically, Plaintiff alleges that cameras were placed on a utility pole across from Plaintiff's house and also on the house adjacent to Plaintiff's home. ¶18. Additionally, civilian operatives appointed by the Defendant Police Department followed Plaintiff to and from work. ¶19.

## DISCUSSION

### I. Defendant Police Department's Motion to Dismiss

#### A. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must include something more than "an unadorned, the-defendant-unlawfully harmed-me accusation." Id.

When considering a defendant's Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2004) (citations omitted), and must draw all inferences from those allegations in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, a court is not required to accept as true legal conclusions, and "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Until 2007, a Rule 12(b)(6) motion to dismiss would not be granted unless "it appeared beyond doubt that the plaintiff [could] prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However,

the Supreme Court has explained that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007), since a literal reading of it would enable a conclusory statement of claim to survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Instead, to survive a motion to dismiss, a complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. Put another way, a plaintiff must set forth enough facts to "nudge [his or her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

*Pro se* complaints, however, still must be liberally construed, Erickson, 551 U.S. at 94, and must be held to "less stringent standards than formal pleadings drafted by lawyers." Id. (citation omitted). Moreover, *pro se* complaints must be interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quotation omitted). However, a *pro se* complaint must still state a facially plausible claim to survive a motion to dismiss. See, e.g., Boykin v. KeyCorp., 521 F.3d 202, 213-14 (2d Cir. 2008); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

**B.** **Analysis**

"Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality, and therefore, cannot sue or be sued." Hall v. City of White Plains, 185 F.Supp.2d 293, 303 (S.D.N.Y. 2002). Police

4

departments are just such administrative arms of their corresponding municipality and therefore, cannot sue or be sued. Baker v. Willett, 42 F.Supp.2d 192, 197 (N.D.N.Y. 1999). As such, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant Police Department should be dismissed from this action.[2]

## II. Defendant CSC's Motion For Summary Judgment

### A. Standard for Summary Judgment

Under Rule 56, summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986).

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Local Civ. R. 56.1(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A trial judge may, therefore, grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250. The inquiry performed is the threshold inquiry of

---

[2]Because I conclude and recommend that Your Honor should conclude that Defendant Police Department be dismissed because they are not legally subject to liability, I do not address Defendant Police Department's other grounds for dismissal. Should Your Honor disagree with my recommendation, I respectfully request that you refer the motion back to me for further analysis.

5

determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact. Id.

Where a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56. Under Local Rule 56.1(b), the papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried. Local Civ. R. 56.1(b). Summary judgment may be granted only "[i]f after discovery, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex, 477 U.S. at 323) (alteration in original). Indeed, if the party opposing summary judgment does not respond to the motion, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). However, even where the nonmoving party fails to respond to a motion for summary judgment, the court

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)) (emphasis in original).

Moreover, a court should "constru[e] the evidence in the light most favorable to the

6

nonmoving party and draw[] all reasonable inferences in its favor." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002); Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir. 1998); see also Anderson, 477 U.S. at 261 n.2. Thus, "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (quoting H.L. Hayden Co. v. Siemans Med. Sys. Inc., 879 F.2d 1005, 1011 (2d Cir. 1989)).

### B. Analysis

Plaintiff raises two claims against Defendant CSC, one pursuant to 42 U.S.C. §1985(2) and the other pursuant to §1985(3). ¶¶ 17-18. For the following reasons I conclude, and respectfully recommend that Your Honor should conclude, that Defendant CSC's motion for summary judgment should be granted and that Plaintiff's claims against Defendant CSC should be dismissed.

#### 1. Plaintiff's 42 U.S.C. §1985(2) Claim

42 U.S.C. §1985(2) provides a cause of action against persons who conspire to obstruct justice and intimidate parties to a lawsuit, witnesses, or jurors. To sustain such a cause of action, plaintiffs must assert facts demonstrating that the defendants were motivated by "class-based discriminatory animus." Miller v. Carpinello, No. 06-CV-12940, 2007 WL 4207282, at *5 (S.D.N.Y. Nov. 20, 2007) (citing Williams v. The City of Mount Vernon, 428 F.Supp.2d 146, 160 (S.D.N.Y.2006))(internal quotations omitted). Plaintiff does not allege that he is a party to a lawsuit, a witness in a lawsuit, or a juror. Nor does Plaintiff allege that either Defendant Police Department or Defendant CSC conspired to obstruct justice. Moreover, Plaintiff does not allege

7

that he is a member of a protected class and that Defendants were motivated by or acted because of any discriminatory animus. Correspondingly, Plaintiff has not submitted any evidence to establish that he was in some way involved in a judicial proceeding, that the Defendants conspired with the intent to obstruct justice, or that Defendants acted with discriminatory intent. Therefore, even after construing all reasonable inferences in Plaintiff's favor, Plaintiff has failed to provide adequate evidence to maintain his claim against Defendant CSC. Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim under 42 U.S.C. §1985(2) against Defendant CSC be dismissed.

### 2. Plaintiff's 42 U.S.C. §1985(3) Claim

There are four elements required to establish a 42 U.S.C. §1985(3) claim:

> (1) the existence of a conspiracy; (2) for the purpose of depriving [an individual], either directly or indirectly, of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury in [the individual's] person or property or deprivation of any right of a citizen of the United States.

Knight v. City of New York, 303 F.Supp.2d 485, 501 (S.D.N.Y. 2004). An essential allegation of a §1985(3) claim is that "the conspiracy [is] motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" Id. (quoting United Brotherhood of Carpenters & Joiners of America v. Scott, 463 U.S. 825, 829 (1983)).

In this case, Plaintiff has not alleged that he is a member of a protected or particular class of persons. As previously discussed, Plaintiff has also not alleged that any of the Defendants acted pursuant to a discriminatory intent. Consequently, Plaintiff has not provided any evidence supporting the contention that Defendants acted based upon a discriminatory motive. Not only has Plaintiff failed to adequately plead this cause of action, he has also failed to offer any

8

evidence to support this cause of action. Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's 1985(3) claim should be dismissed.

In addition, §1985(3) does not create any substantive rights in and of itself. Rather, it "provides a civil cause of action only when some other defined federal right has been violated." Knight, 303 F.Supp.2d at 501-502. Because of my previous recommendations that Plaintiff's other federal claims should be dismissed, there is no basis on which Plaintiff can seek recovery under §1985(3). As such, I again conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's §1985(3) claim should be dismissed.

### 3. Plaintiff's Invasion of Privacy Claim

The only remaining claim is an invasion of privacy claim purportedly brought under state law. Because of my prior recommendations, I further conclude, and respectfully recommend that Your Honor should conclude, that this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 121-22 (2d Cir. 2006).

### CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant Police Department's motions to dismiss and Defendant CSC's motion for summary judgment should be granted in their entirety and that Plaintiff's Amended Complaint should be dismissed with prejudice.[3]

---

[3]The Court on its own motion concludes, and respectfully recommends that Your Honor should conclude, that the case against the remaining Defendants, John Doe and James Doe, should be dismissed, because Plaintiff has failed to plead any cause of action against either of

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b)(2), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: January 4, 2010
White Plains, New York

Respectfully submitted,

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Cathy Seibel

Gary Wayne Howell
304 South Regent Street
Portchester, NY 10573

Steven C. Stern

_____

them.

10

Sokoloff Stern, LLP
355 Post Avenue, Suite 201
Westbury, NY 11590

Steven P. Orlowski
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, NY 10271