UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GARY WAYNE HOWELL,

                Plaintiff,          09-CV-1651 (CS)(LMS)

  - against -                             **ORDER**
                                      **ADOPTING REPORT**
PORT CHESTER POLICE STATION, OPTIMUM          **AND RECOMMENDATION**
CABLE CO., OFFICER JOHN DOE, and JAMES DOE,

                Defendants.
------------------------------------------------------------------x

Appearances:

Gary Wayne Howell
Port Chester, New York
*Pro Se Plaintiff*

Steven C. Stern, Esq.
Sokoloff Stern LLP
Westbury, New York
*Counsel for Port Chester Police Department*

Steven P. Orlowski, Esq.
Lester, Schwab, Katz & Dwyer LLP
New York, New York
*Counsel for Optimum Cable Co.*

Seibel, J.

      Before the Court is the January 4, 2010 Report and Recommendation of Magistrate Judge

Lisa Margaret Smith (the "R&R"), (Doc. 20), recommending that the Motion to Dismiss of

Defendant Port Chester Police Department ("PCPD"), (Doc. 12), and the Motion for Summary

Judgment of Optimum Cable Co., (Doc. 15), be granted. Plaintiff submitted objections to the

R&R on February 4, 2010. (Doc. 26.) Plaintiff submitted what appears to be a supplement to his

-1-

objections on or about March 4, 2010.[1] (Doc. 27.) The latter submission is untimely but the Court has nevertheless considered it.

I.    Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*,

---

[1] The objections were received in Judge Smith's chambers on February 4, 2010, but apparently were not filed with the Clerk of the Court. The supplemental objections -- which also apparently were not filed with the Clerk of the Court -- were received in my chambers on March 5, 2010, accompanied by an affidavit of service dated March 4, 2010. The Court has docketed both sets of objections.

No. 07-CV-6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Oct. 31, 2008); *accord Evans v. Ericole*, No. 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *2-3 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Harden v. Laclaire*, No. 07-CV-4592, 2008 U.S. Dist. LEXIS 86582, at *1 (S.D.N.Y. Oct. 27, 2008) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).[2]

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.     Discussion

Plaintiff raises no specific issue aimed at the R&R, but rather makes conclusory and general statements directed at the alleged misconduct of Defendant Port Chester Police Station (apparently intended as a reference to the PCPD). Accordingly, I review the R&R for clear error.

---

[2]     Plaintiff will be provided with copies of all unpublished opinions cited in this Order.

*See, e.g., Healing Power, Inc. v. Ace Cont'l Exps., Ltd.*, No. 07-CV-4175, 2008 U.S. Dist. LEXIS 83021, at *2-3 (E.D.N.Y. Oct. 17, 2008) (finding general objection to report and recommendation not specific enough to constitute Rule 72(b) objection); *Colida v. Nokia Inc.*, No. 07-CV-8056, 2008 U.S. Dist. LEXIS 75450, at *4-5 (S.D.N.Y. Sept. 26, 2008) (reviewing recommendation for clear error where *pro se* plaintiff's objection was general and conclusory); *Hazen v. Perlman*, No. 05-CV-1262, 2008 U.S. Dist. LEXIS 73708, at *2 (N.D.N.Y Sept. 9, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff did not specifically object to any particular portion of report).

The Court discerns from the face of the record no clear error in the Report's recommendations, which appear to be justified in light of the factual allegations and controlling law. Accordingly, the Report is adopted in its entirety as the decision of this Court.

III.   Request to Amend

Plaintiff in his objections requests the opportunity to amend his complaint, pursuant to Fed. R. Civ. P. 15(a), apparently wishing to advance claims against the Village of Port Chester, rather than against the PCPD which, as Judge Smith found, is not an entity that may be sued. (R&R 4-5.)[3] Plaintiff does not specify what claims he would bring or what facts he would allege in support of those claims. Although Judge Smith did not reach the merits of the claims against PCPD, it appears to me at first blush that several of the substantive arguments advanced by Defendants are well taken, and that the claims, to the extent they can be discerned, would be equally dubious if asserted against the Village of Port Chester. Accordingly, the prudent course

---

[3]   Plaintiff has already amended his Complaint once. The original Complaint was filed on February 23, 2009, (Doc. 1), and an Amended Complaint was filed on March 4, 2009, (Doc. 3).

-4-

is to require Plaintiff, if he still desires to amend, to proceed by way of a formal motion to amend the complaint.

The motion would have to include the proposed amended complaint, as well as a memorandum of law explaining why the amendment should be permitted. In determining whether to make such a motion, Plaintiff is urged to consider all the grounds for dismissal advanced by the PCPD in its motion to dismiss. For example, police surveillance of an individual in a public place is permitted under the United States Constitution. *See, e.g., Katz v. United States,* 389 U.S. 347, 351 (1967) ("What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection."); *United States v. Fields,* 113 F.3d 313, 321 (2d Cir. 1997) ("[w]hat a person chooses voluntarily to expose to public view . . . loses its Fourth Amendment protection"). Further, a municipality cannot be sued under 42 U.S.C. § 1983 for the acts of its employees unless the constitutional deprivation is inflicted pursuant to its policy or custom. *Tatum v. City of New York*, No. 06-CV-4290, 2009 U.S. Dist. LEXIS 3512, at *23 (S.D.N.Y. Jan. 20, 2009) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).[4]

---

[4]   Liability pursuant to a "policy or custom" may be found if Plaintiff shows:

> (1) a formal policy, promulgated or adopted by the [municipality], *Monell*, 436 U.S. at 690; (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986); or (3) the existence of an unlawful practice by subordinate officials was so permanent or well settled so as to constitute a "custom or usage" and that the practice was so widespread as to imply the constructive

Because amendment of a Complaint need not be permitted if amendment would be futile, *see, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Kregler v. City of New York*, No. 08-CV-6893, 2009 U.S. Dist. LEXIS 72571, at *35 (S.D.N.Y. Aug. 17, 2009), Plaintiff will be required to explain, should he seek leave to amend, why amendment would not be futile in his case. Further, Plaintiff will be required to state specifically what constitutional rights he alleges to have been infringed, in what fashion, and by whom, and why the municipality should be held responsible.

## Conclusion

In accordance with the above, the Motion to Dismiss of Defendant Port Chester Police Department (sued as "Port Chester Police Station") and the Motion for Summary Judgment of Defendant Optimum Cable Co. are granted. The Clerk of the Court is respectfully directed to terminate the pending motions. (Doc. 12, 15.) Plaintiff may, on or before April 2, 2010, make a formal motion to amend the Complaint by filing the same with the Clerk of the Court via the *Pro Se* Office. Should such a motion not be filed by that date, the Clerk of the Court is directed to close the case. Should such a motion be filed, Plaintiff shall serve it on counsel for PCPD (who presumably would also represent the Village of Port Chester). The proposed Defendant shall move or answer within the time permitted by Fed. R. Civ. P. 12. Should the proposed Defendant

---

acquiescence of policymaking officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

*Jouthe v. City of New York*, No. 05-CV-1374, 2009 U.S. Dist. LEXIS 18163, at *23-24 (E.D.N.Y. Mar. 10, 2009).

wish to move to dismiss, the requirement for a pre-motion conference (*see* the Court's Individual Practices 2.A.) is waived.

SO ORDERED.

Dated: March 15, 2010
      White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.